**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**STACY A. SCOTT, JR.,**

**Plaintiff,**

**v.** **Case No. 4:26-cv-87-AW-MAF**

**WEN SOUTH LLC, WENDY'S INTERNATIONAL, LLC, et al.,**

**Defendants.**

_______________________________/

# ORDER OF DISMISSAL

Plaintiff Stacy Scott, Jr., sued Wendy's International, Wen South, LLC (a Wendy's franchisee), and several individuals in state court. The case was later removed to this court, ECF No. 1, and Wendy's International and Wen South moved to dismiss, ECF Nos. 9, 18. The magistrate judge issued a report and recommendation concluding the court should dismiss. ECF No. 26. There has been no objection. I agree with parts of the report and recommendation.

First, I agree that the claims against the individual defendants (Tabitha Tarver, Todd Tuller, Mykayla Ross, and Chastanna Green) should be dismissed without prejudice based on a failure to effect timely service. *See* Fed. R. Civ. P. 4(m). I therefore adopt pages two and three of the report and recommendation. Scott has had

ample time since the date of removal to complete service,[1] and there is no indication he will ever do so. I have considered whether there is any other circumstance that would allow still further extensions, and I see none. *See Bilal v. Geo Care, LLC*, 981 F.3d 903, 920 (11th Cir. 2020) (noting that even when the plaintiff has not shown good cause for failing to effect timely service, the district court still must "evaluate[] whether any other circumstances of the case justif[y] a further extension").

Second, I agree that the Title VII and Florida Civil Rights Act (FCRA) claims against Wendy's International and Wen South are unexhausted. Those claims, too, will be dismissed without prejudice. I adopt part "C" of the report and recommendation, pages 13 and 14.

As to the rest of Scott's claims, I agree the complaint is a shotgun pleading. The magistrate judge notes the four general categories of shotgun pleadings the Eleventh Circuit has outlined. ECF No. 26 at 10 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* (quoting *Weiland*,

[1] *See* 4B Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1137 (4th ed. Apr. 2026 update) (explaining that "the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court").

792 F.3d at 1321). The magistrate judge says Scott's complaint "fits within category one of a shotgun pleading." ECF No. 26 at 10-11. But that is incorrect. Although each count incorporates the same initial 61 paragraphs, each count does not incorporate the prior counts. *Cf. Weiland*, 792 F.3d at 1324 ("What we have here is different. The allegations of each count are not rolled into every successive count on down the line."). Notwithstanding the magistrate judge's error, however, I conclude the complaint is a shotgun pleading. It "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id*. at 1323. The complaint will be stricken, but with leave to amend. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, . . . district courts [must] sua sponte allow a litigant one chance to remedy such deficiencies." (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006))).

My conclusion that the complaint is a shotgun pleading makes it unnecessary to reach other arguments in the motions to dismiss. I therefore do not adopt the report and recommendation to the extent it addresses the remaining claims.

## CONCLUSION

The report and recommendation is adopted in part and rejected in part, as set out above. All claims against Tabitha Tarver, Todd Tuller, Mykayla Ross, and

Chastanna Green are dismissed without prejudice based on Plaintiff's failure to effect timely service. The motions to dismiss (ECF Nos. 9, 18) are GRANTED in part as set out above. The Title VII and FCRA claims against Wendy's International, LLC, and Wen South, LLC, are dismissed without prejudice for lack of exhaustion. The complaint is otherwise stricken as a shotgun pleading.

Within 14 days, Plaintiff may file an amended complaint against Wendy's International and Wen South. The amended complaint may reassert the claims already pleaded except for the Title VII and FCRA claims. Plaintiff should exercise care and make clear which allegations are against which party. And he should incorporate into each count only those facts that are pertinent to that count.

Plaintiff's failure to timely file an amended complaint will lead to a final judgment consistent with this order. If Plaintiff does timely amend, Wendy's International and Wen South will have 14 days to respond.

SO ORDERED on September 18, 2026.

s/ *Allen Winsor*
Chief United States District Judge